| | | |
|---|---|---|
| JS-6 | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | Priority ___<br>Send ___<br>Enter ___<br>Closed ___ |
| cc: order, docket, remand<br>letter to Los Angeles Superior Court, No. BC 467279 | **CIVIL MINUTES - GENERAL** | JS-5/JS-6 ___<br>Scan Only ___ |

**CASE NO.:** CV 11-08111 SJO (CWx)  **DATE:** October 25, 2011

**TITLE:** Belynda Byrd v. Raytheon Company, et al.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                   Not Present
Courtroom Clerk                                    Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**                 **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                        Not Present

========================================================================
**PROCEEDINGS (in chambers):** ORDER REMANDING TO STATE COURT

On September 29, 2011, Defendant Raytheon Company ("Defendant") removed this action from Los Angeles County Superior Court. (Not. of Removal ("Notice").) Plaintiff Belynda Byrd ("Plaintiff") filed her Complaint in state court on August 10, 2011. For the following reasons, the Court **REMANDS** this action to Los Angeles County Superior Court.

I.   PROCEDURAL AND FACTUAL BACKGROUND

The Complaint sets forth the following allegations. Since 1980, Plaintiff worked as a Human Resources Specialist for Defendant. (Compl. ¶ 6.) On January 21, 2011, Defendant told Plaintiff it was terminating her employment due to lack of work. (Compl. ¶ 7.) Plaintiff maintained an exemplary work record the entire time she was employed by Defendant, and Plaintiff contends that her race, gender, and age were motivating factors that contributed to her termination. (Compl. ¶¶ 8, 15.) As a result of Plaintiff's termination, Plaintiff has been denied her salary, benefits, and other compensation. (Compl. ¶ 10.) Plaintiff remains unemployed and believes that her inability to secure comparable employment is due to her termination by Defendant. (Compl. ¶ 11.)

The Complaint states the following causes of action: (1) employment discrimination based on age, gender, and race; and (2) violation of public policy based on Article I, Section 8 of the California Constitution and California Government Code section 12900, *et seq.* (*See generally* Compl.) The Complaint does not state any numerical figure on the amount of damages sought. On September 29, 2011, Defendant removed the action to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). (*See* Notice ¶ 1.)

II.   DISCUSSION

An action may be removed by the defendant to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441 (2006). Diversity jurisdiction requires complete diversity between all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.: CV 11-08111 SJO (CWx)          DATE: October 25, 2011

plaintiffs and all defendants where the amount in controversy exceeds $75,000. *Id.* § 1332(a) (2006).

    A.    Sua Sponte Challenge to Subject Matter Jurisdiction

The Court raises the issue of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court is mandated to remand the case. *See Id.* § 1447(c) (2006). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). As such, the Court finds it appropriate to determine whether jurisdiction exists.

    B.    Complete Diversity

Plaintiff is an individual residing in California. (Compl. ¶ 5.) Defendant is a company incorporated in Delaware, with its principal place of business and corporate control group located in Waltham, Massachusetts. (Notice ¶ 9.) Therefore, Defendant is a citizen of both Delaware and Massachusetts. Complete diversity exists in this case.

    C.    Amount in Controversy Requirement

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quotation marks omitted). For a removal based on diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *accord Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The removing party "need[s] to provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount." *Valdez*, 372 F.3d at 1117 (quotation marks omitted). Courts may consider facts "presented in the removal petition as well as 'any summary-judgment-type evidence relevant to the amount in controversy at time of removal.'" *Matheson*, 319 F.3d at 1090 (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

Here, it is not facially evident from the complaint that more than $75,000 is in controversy. Defendant contends that the amount in controversy meets the threshold requirement because: (1) Plaintiff seeks loss of earnings, loss of restricted stock and stock options, and loss in retirement accumulation (Notice ¶ 11); (2) Plaintiff's current estimated damages for lost wages exceed $40,000, excluding any alleged damages for lost benefits (Notice ¶ 11); and (3) Plaintiff seeks

**CASE NO.:** CV 11-08111 SJO (CWx)          **DATE:** October 25, 2011

punitive damages, attorneys' fees and costs, and damages for humiliation, mental anguish, and emotional distress. (Notice ¶¶ 12, 13, 14.)

Because no amount in controversy is alleged in the Complaint, Defendant carries the burden of proving by a preponderance of the evidence that more than $75,000 is in controversy. *See Matheson*, 319 F.3d at 1090. This Court has held that a preponderance of the evidence standard is not met when a defendant provides arbitrary calculations "based on many assumptions that leave the court to speculate as to the value of too may variables." *Dupre v. Gen. Motors*, No. 10-CV-00955, 2010 WL 3447082, at *4 (C.D. Cal. Aug. 27, 2010). In proving the amount in controversy, Defendant's "calculations [must be] good faith, reliable estimates based on the pleadings and other evidence in the record." *Ellis v. Pac. Bell Tel. Co.*, 2011 WL 499390, at *2 (C.D. Cal. Feb.10, 2011). The removing defendant must also "set[] forth . . . the *underlying facts* supporting its assertion that the amount in controversy exceeds [the statutory minimum]." *Gaus*, 980 F.2d at 567 (emphasis in original). Conservative estimates without a factual basis are "vague and conclusory" and do not satisfy the "more than likely" standard. *Keller v. Gaspari Nutrition, Inc.*, No. CV 10-09927, 2011 WL 837797, at *3 (C.D. Cal. Mar. 2, 2011).

Other than Plaintiff's statement that her annual compensation was $60,000 before she was terminated (Compl. ¶ 9), the Complaint is devoid of monetary figures and general facts from which the Court could infer an amount in controversy. (*See generally* Compl.) The Court, therefore, examines if any "summary-judgment-type evidence," *Matheson*, 319 F.3d at 1090, exists to support proper removal. The Court finds none. Defendant does not proffer any support through affidavits, documentary evidence, or otherwise to support its contention that the amount in controversy exceeds $75,000.

Defendant has not alleged any facts that indicate the amount Plaintiff has lost in retirement accumulation, stock options, or restricted stock . The Court cannot even speculate as to the value of the variables because Defendant does not provide any calculations or evidence which the estimates could be based on. Defendant does allege that Plaintiff's current estimated damages for lost wages exceed $40,000, excluding any alleged damages for lost benefits. (Notice ¶ 11.) But Defendant fails to prove how it calculated the estimated damages to be $40,000 or why and by how much the damages exceed $40,000.

Finally, Defendant contends that the calculation of the amount in controversy includes punitive damages, attorneys' fees and costs, and damages for humiliation, mental anguish, and emotional distress. (Notice ¶¶ 12, 13, 14.) Defendant argues that "considering Plaintiff's lost and future wages along with the value of benefits, punitive damages, alleged emotional distress, and attorneys' fees, it is facially apparent from the Complaint that the claims exceeds $75,000." (Notice ¶ 15.) This conclusory argument is insufficient to convince the court that the amount in controversy is greater than $75,000. Defendant fails to even speculate as to the amount of punitive damages and attorneys' fees to which Plaintiff would be entitled if relief were granted in Plaintiff's favor. Defendant does not point to awards of punitive damages or attorney's fees in other, similar cases to support its claim as to the probable size of such an award.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| **CASE NO.:** CV 11-08111 SJO (CWx) | **DATE:** October 25, 2011 |

Plaintiff's speculation as to the possible amount of money in controversy in this case is insufficient to vest this Court with subject matter jurisdiction. Because Defendant has failed to meet its burden to establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, the Court remands this action.

III.    RULING

For the foregoing reasons, the Court **REMANDS** this case to Los Angeles Superior Court. This action shall close.

IT IS SO ORDERED.

Vpc